

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

Gerald C. Mann
~~PRICE DANIEL~~
~~ATTORNEY GENERAL~~

Honorable Joe P. Flack
County Attorney
Menard County
Menard, Texas

Dear Sir:

> Opinion No. 0-5462
> Re: Disposition of money and
> property of districts
> upon formation of rural
> high school district.

We have received your letter of July 19, 1943,
which we quote in part as follows:

"The County Judge of Menard County, has ask-
ed me for an opinion as to the following matter.
I have advised him in answer to said question,
but as usual, he thinks that he should have an
opinion from your Department.

"On June 19, 1943, an election was held and
was carried annexing certain common school dis-
tricts with the Menardville Independent School
District or consolidating said districts under
the Rural High School Act.

"Some of these school districts have money
on hand and own property, the question is: what
is to become of said property and money? That
is, said districts have local tax money on hand
and own busses and other property, but as I under-
stand they have no bonded indebtedness and the
question is, as stated above, what should be done
with this property?"

Hon. Joe P. Flack, page 2

We do not have before us the question of the establishment of the enlarged district, and for the purposes of this opinion, we assume that the same was legally established. Our answer will, therefore, be confined to the question of the proper disposition of the funds and property of the individual or elementary district upon the formation of the enlarged district.

Article 2922a, Vernon's Annotated Civil Statutes, sets forth the procedure whereby a rural high school district may be formed. The method whereby such a district may be abolished is also given. Such method is as follows:

"* * * Provided that the county school trustees shall have the authority to abolish a rural high school district on a petition signed by a majority of the voters of each elementary district composing the rural high school district and when such district has been abolished the elementary districts shall automatically revert back to their original status, with the exception that in the event there are any outstanding indebtedness against the said rural school district each elementary district shall assume its perportional part of the debts."

When school districts are consolidated under Article 2806, Vernon's Annotated Civil Statutes, the districts consolidated lose their separate identity. However, the formation of a rural high school district does not abolish the elementary districts, and separate elementary schools must be maintained therein. Article 2922f; Chastain v. Mauldin, 32 S. W. (2d) 237; McPhail v. Tax Collector of Van Zandt County, 280 S. W. 260; County Board of School Trustees of Limestone County v. Wilson, 5 S. W. (2d) 805; Opinion No. O-3085. And under Article 2922a, upon the abolition of the rural high school district, the elementary districts return to their original status.

Hon. Joe P. Flack, page 3

          In the case of Chastain v. Mauldin, supra, the court
had before it the question whether the trustees of a rural
high school district could remove the schoolhouse of an ele-
mentary district to another district. We quote the following
from the opinion of the court:

          " * * * In the McPhail Case above, Judge
     Looney in holding constitutional the provisions
     of chapter 19a, title 49, sets forth very clear-
     ly the purposes and effect of the legislation.
     As there pointed out, the grouping provided for
     does not have the effect of abolishing the several
     districts in the group. See also Limestone Board
     v. Wilson (Tex. Civ. App.) 5 S. W. (2d) 805. It
     merely groups them for high school purposes and
     places the grouped board in charge of all of the
     schools in the district, thus abolishing the
     several district boards. * * * The trustees
     of the grouped district were invested with the
     power and charged with the duty of conducting
     schools and of administering all school property
     and funds of all the districts within the boun-
     daries of the consolidated districts. But they
     did not have the right to divert property or funds
     of one district to another, or to the grouped dis-
     trict. This is clearly the holding in the McPhail
     Case. It follows that they did not have the power
     to remove the school building of the Panther Creek
     district to the Grosvenor district, as that would
     have been a diversion of the property from its
     proper purpose and object. The only consolidation
     affected by the grouping was that of the funds col-
     lected from taxation for general maintenance. The
     ownership of school buildings of the several dis-
     tricts remained the property of those districts
     and could not be divested or impaired by the trus-
     tees of the grouped district. We believe and so
     hold that in attempting to remove the school build-
     ing the trustees were about to perform a wholly
     unauthorized act."

Hon. Joe P. Flack, page 4

Upon the dissolution of a rural high school district, certain questions might be raised as to the property rights of the various districts if the money and property originally belonging to the individual districts had been used in other districts or in the enlarged district.

Evidently under the Mauldin case, and you are so advised, upon the formation of a rural high school district, the trustees of said district may use the funds and property of an elementary district only for the benefit of said elementary district.

However, we call your attention to that part of the opinion of the court in the Mauldin case which reads as follows:

" * * * The trustees of the grouped district have the management and control of the building in question, and we do not hold that they are without authority under proper safeguards for its return or replacement to remove it temporarily to the Grosvenor district. That question, however, is not presented by the pleading or proof before us. The case as made by the record presents only the question of the power of the Grosvenor trustees to convert the school building of the Panther Creek district."

We believe that under this language it may be that busses and other property of the elementary district which is susceptible of being used over the enlarged district may be so used if proper safeguards are taken to preserve and protect the property rights of the elementary district.

Yours very truly,

APPROVED JULY 31, 1943                    ATTORNEY GENERAL OF TEXAS

(signed) Grover Sellers

FIRST ASSISTANT               By          (signed)
ATTORNEY GENERAL                          George W. Sparks
                                          Assistant

GWS-s:jm
O.K.
C.C.R.

APPROVED
Opinion Committee
By BWB
Chairman